IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DORIS BAXTER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 3:16cv0014-CDL-GMB |
| ) | |
| SHAWN ROBERT LEAVELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for consideration and recommendation on all pretrial matters as may be appropriate. Doc. 82. Pending before the court is Plaintiffs' Petition for Pro Ami Approval of Minor's Pro Tanto Settlement (Doc. 80), which was filed under seal in this matter on February 23, 2017, and was the subject of a Pro Ami hearing before the undersigned on February 28, 2017. For the reasons stated herein, the Magistrate Judge RECOMMENDS that the Petition (Doc. 80) be GRANTED.

Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671– 80, four minor plaintiffs (D.M., J.M., N.D., and M.D.) and two adult plaintiffs sued the defendants, including the United States of America, to recover damages for injuries sustained in a motor vehicle collision. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1). The parties have reached a conditional settlement of the minor plaintiffs' claims, and have asked the court to approve that settlement. *See* Docs. 71 & 80.

**I.**

"Under the FTCA, the applicable law is the whole [substantive] law of the State where the act of omission occurred." *Schippers v. United States*, 715 F.3d 879, 887 n.8 (11th Cir. 2013) (internal citations omitted). Because the "act or omission" at issue in this matter occurred in Alabama, Alabama substantive law applies. *Id.* "Alabama law requires that a court hold a fairness hearing before a minor plaintiff's case may be settled." *Adams v. Criswell*, 2014 WL 813142, at *1 (M.D. Ala. 2014) (Thompson, J.) (citing *Large v. Hayes By and Through Nesbitt,* 534 So. 2d 1101, 1105 (Ala. 1988)). And, because this is a rule of substantive law, it must be applied here. *Burke v. Smith*, 252 F.3d 1260, 1266 (11th Cir. 2001). To have binding effect, the hearing must involve "an extensive examination of the facts, to determine whether the settlement is in the best interest of the minor." *Large*, 534 So. 2d at 1105; *see also Adams*, 2014 WL 813142, at *1; William E. Shreve, Jr., *Settling the Claims of a Minor*, 72 Ala. L. Rev. 308 (2011).

**II.**

D.M., J.M., N.D., and M.D.'s claims arise out of a vehicle collision that occurred on April 8, 2014 in Macon County, Alabama. Their claims include simple negligence, wantonness, and negligent entrustment. They contend that an employee of the United States negligently drove his car into a vehicle in which they were passengers. D.M.'s injuries included neck and back pain, J.M.'s injuries included neck and back pain, N.D. sustained soft-tissue injuries to the neck and back, and M.D.'s injuries included headaches

and back pain. The United States denies liability as well as the extent of the damages from the collision.

The parties propose to settle D.M.'s claims for $2,365; J.M.'s claims for $14,819; N.D.'s claims for $950; and M.D.'s claims for $7,375.35—totaling a $25,509.35 settlement for all of the minor plaintiffs' claims. The fees requested by the attorneys representing the minors amount to 25% of the recovery as to each minor plaintiff: 25% of the $2,365 settlement to D.M., or $1,773.75; 25% of the $14,819 settlement to J.M., or $3,704.75; 25% of the $950 settlement to N.D., or $237.50; and 25% of the $7,375.35 settlement to M.D., or $1,843. The attorneys do not seek reimbursement for expenses incurred in filing and prosecuting this action. Certain fees and expenses accruing to third parties will be deducted from the proposed settlement proceeds: out of D.M.'s settlement, $30.32 will be repaid to BlueCross BlueShield of Georgia; out of N.D.'s settlement, $36.63 will be repaid to Optum; and out of M.D.'s settlement, $402.07 will be repaid to Optum.

Based on the representation of the parties that a proposed settlement had been reached as to the minor plaintiffs' claims, *see* Doc. 65, the court appointed a Guardian Ad Litem, James R. Cooper, to evaluate and advocate for the minors' best interests with respect to the proposed settlement of their claims. Doc. 67. At the Pro Ami hearing, the Court heard testimony and argument from Mr. Cooper and the attorneys for all parties, receiving testimony and evidence related to liability, the injuries sustained by the minors, the costs of their medical care, and their present health. The parties provided the court with their view of the facts surrounding the collision. Mr. Cooper, on behalf the minor plaintiffs,

represented to the court that in his opinion the proposed settlement is in the best interest of each of D.M., J.M., N.D., and M.D.  He recommended that the court approve the settlement as fair and reasonable based on the seriousness of each minor's injuries, the costs of their medical expenses, and the costs of projected future medical expenses.

### III.

Based on the evidence and argument presented at the Pro Ami hearing, as well as the court's review of the submissions made to the court prior to the hearing, which included a copy of the settlement agreement for each minor plaintiff, the court is convinced that the amount of the settlement and the settlement terms are fair, reasonable, and just, and that the settlement is in the best interest of D.M., J.M., N.D., and M.D.

Moreover, the fees requested by the attorneys for D.M., J.M., N.D., and M.D. are reasonable under the factors set forth in *Peebles v. Miley*, 439 So. 2d 137 (Ala. 1983) and other authority, and they have been duly earned by counsel.  The representation of these plaintiffs required significant learning, skill, and labor for its proper discharge; counsel spent the necessary time on this litigation for proper representation of their clients; the results for D.M., J.M., N.D., and M.D. are favorable in light of the injuries and the dispute as to liability; counsel devoted time on this matter that could have been profitably spent on other matters; counsel's fee, in the court's experience, is consistent with the fees customarily charged in this district for similar services; and the requested attorneys' fee is within the 25% limit applied to FTCA cases pursuant to 28 U.S.C. § 2678.

Finally, the Guardian Ad Litem seeks a fee of $2,714.  The parties do not object to

his fee request.  In any event, his fee has been duly earned and is reasonable.  The position required significant learning, skill, and labor for its proper discharge; the Guardian Ad Litem spent at least 12.70 hours[1] on this case and incurred necessary transportation and other expenses; his inquiry into this litigation on behalf of D.M., J.M., N.D., and M.D. was necessary for its fair resolution; and his fee will not reduce the settlement proceeds awarded to the minor plaintiffs.  The minor plaintiffs' attorneys should be required to pay the Guardian Ad Litem the full requested amount.

\* \* \*

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiffs' Petition for Pro Ami Approval of Minor's Pro Tanto Settlement (Doc. 80) be GRANTED, and that the parties be allowed to execute the proposed settlement agreements as full and complete satisfaction of all claims asserted on behalf of the minor plaintiffs;

2. The court award the requested attorneys' fees set forth above; and

3. The court award the Guardian Ad Litem, James R. Cooper, a fee in the amount of $2,714, to be paid by plaintiffs' counsel directly to the Guardian Ad Litem.

It is further ORDERED that the parties are DIRECTED to file any objections to this recommendation on or before **March 16, 2017.**  Any objections filed must identify the specific findings in the Magistrate Judge's recommendation to which the party is objecting.

---

[1] In fact, Mr. Cooper's fee request excludes the time spent preparing for and attending the Pro Ami hearing—time that would have been compensable had it been requested.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 2nd day of March, 2017.

                                                          /s/ Gray M. Borden  
                                      UNITED STATES MAGISTRATE JUDGE